UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MCDONALD NORTH** § | |
| **ON BEHALF OF HIMSELF AND ON** § | |
| **BEHALF OF ALL OTHERS SIMILARLY** § | |
| **SITUATED** § | |
| **Plaintiff,** § | |
| § | **CIVIL ACTION NO. 4:17-CV-2610** |
| **V.** § | **JURY TRIAL DEMANDED** |
| § | |
| **GENERAL PLASTICS AND** § | |
| **COMPOSITES, LP** § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff MCDONALD NORTH worked more than forty (40) hours a week as a quality control to filament winder supervisor to production supervisor/manager but was paid on an hourly rate, for General Plastics and Composites, LP, in Harris County, Houston, Texas. As such, Plaintiff's job duties primarily consisted of repairing, monitoring, and filling in documentation for medical equipment owned by Defendant. Plaintiff was an hourly paid employee. However, Defendant did not pay Plaintiff overtime pay at the overtime rate required under the Fair Labor Standards Act (FLSA).

2. Defendant would make a direct deposit into Plaintiff's bank account every two weeks, but fail to correctly calculate overtime hours Plaintiff had to work. Defendant would not consider documentation that Plaintiff was forced to do at home after his normal work schedule and on his off days, when calculating Plaintiff's pay. Defendant would not consider all labor intensive work that Plaintiff had to do in the operation of the Defendant's plant. Plaintiff made complaints about it to Defendant. Shortly after each complaint was made, Defendant would reprimand Plaintiff.

Plaintiff worked these overtime hours without compensation from on or about August 2014 through July of 2016.

3. Defendant' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff MCDONALD NORTH is an individual residing in Clark County, Nevada, but was a resident of Harris County, Texas when the incident made the basis of this litigation arose.

7. Defendant General Plastics and Composites, is a Texas Limited Partnership. This defendant may be served with process by serving its registered agent as follows DAVID E WALSTAD, 5727 LEDBETTER HOUSTON, TX 77087.

## FLSA COVERAGE

8. At all material times, Defendant have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because

Defendant have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.00.

12. At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTS

13. Defendant is a manufacturer of engineered components and turnkey products including composites, elastomers and/or metal for oilfield service companies worldwide. Pursuant to their website Defendant is able to manage all aspects of projects in-house, maintain quality and control costs. Defendant manufactures Turnkey Sub-Assemblies and Assemblies, includes purchase components, isolation assemblies, complex high tolerance composite machining, complex wireline assemblies, service tools, drilling and evaluation tools, cementation and stage tools, and line hanger accessories.

14. Pursuant to its website, Defendant is centrally located in southeast Houston. Defendant employs various workers such as the Plaintiff in manufacturing, a labor intensive occupation, with responsibility for assembling, inspecting, documenting, and monitoring the production equipment of Defendants products. Plaintiff worked for Defendant at their central Houston based location.

15. Plaintiff began his employment with Defendant as a quality control, and was promoted to a filament winder supervisor and then to a production supervisor/manager. His job duties primarily consisted facilitating in the production and/or manufacture of the products produced by Defendant. of repairing, inspecting, monitoring medical equipment, and documenting such

actions. From about August of 2015 through his termination in July of 2016, Plaintiff was paid hourly to be a production supervisor/manager. Prior to that from around August of 2014, Plaintiff worked as a quality supervisor and then as a filament winder supervisor.

16. Plaintiff worked more than forty hours per work-week, and did so frequently, but was not compensated at the FLSA mandated time-and-a-half rate for all of his hours in excess of forty per work-week.

17. Plaintiff was an hourly paid employee of Defendant. Defendant would issue Plaintiff two pay checks under two different names.

18. The pay violation can be summarized as follows: Defendant failed to pay Plaintiff for overtime his overtime wages.

19. Plaintiff was a non-exempt employee.

20. Defendant' method of paying Plaintiff in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

### PLAINTIFF'S OVERTIME CLAIM: VIOLATION OF 29 U.S.C. § 207

21. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

22. Defendant' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

23. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

### VIII.  COLLECTIVE ACTION ALLEGATIONS

23. While working for Defendants, Plaintiffs interacted with and became familiar with the way Defendants treat its other employees with respect to overtime pay. Plaintiffs have actual

knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other technicians who worked under Defendant, Catholic Health Initiatives, at their Defendant's hospitals and medical facilities.

24. Other employees similarly situated to Plaintiff work or have worked for Defendants' hospitals and medical facilities, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

25. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

26. The Class Members perform or have performed the same or similar work as the Plaintiff.

27. Class Members regularly work or have worked in excess of forty hours during a workweek.

28. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

29. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

30. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

31. The experiences of the Plaintiff, with respect to their pay, are typical of the experiences of the Class Members.

32.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

33.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

34.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

35.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

**The Class Members are all of Defendants' current and former manufacturing employees who were not paid at the federally mandated minimum wage rate and/or worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.**

## IX.  DAMAGES SOUGHT

36.     Plaintiff and Class Members are entitled to recover compensation are entitled to recover their unpaid overtime compensation and compensation for hours they were not paid for.

37.     Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

38.     Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X.     NOTICE OF CLAIM BEFORE TWC/EEOC

39.     Plaintiff would also give this court notice that it currently has a claim pending against Defendant with the Texas Workforce Commission for violation of acts prohibited by Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code. As of the filing of this

document, all administrative actions required by the Texas Workforce Commission and/or Equal Employment Opportunity Commission have not been exhausted.

## XI. PRAYER

39. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. All unpaid wages at the FLSA mandated minimum wage rate;

c. An equal amount as liquidated damages as allowed under the FLSA;

d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

e. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

40. Plaintiff further prays that the Court certify Count I of this action as a collective action under the FLSA.

Respectfully Submitted,

*Isl* Alexander M. Defreitas
Alexander Defreitas
SBN:24042550
FIN: 1636135
Attorney-In-Charge
Williams Tower
2800 Post Oak Blvd.
Suite 4100
Houston, TX 77056
Tel:  (832) 794-6792
Fax:  (281) 784-3777
a.defreitas@lawyer.com

ATTORNEY IN CHARGE FOR PLAINTIFF